UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE SEED CAMEL,<br><br>Plaintiff,<br><br>v.<br><br>B. BRANDON; ACCOMPLICE; and PUBLIC OFFICIAL,<br><br>Defendants. | No. 2:19-cv-01483 KJM AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

1

(3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff brings suit against Officer B. Brandon of the CHP Bicycle Patrol Unit, as well as the unnamed "Accomplice" and "Public Official" who provided backup to Officer Brandon at the time of the alleged incident. ECF No. 1 at 4. Plaintiff brings claims pursuant to 42 U.S.C. § 1983, stating that he was "deprived of my right to freedom of movement, deprived of my right to enjoy liberty and deprived of my right of private property, which contributed to my peace, deprived of my right to protest." Id. at 3. Based on the contents of the complaint, the court

construes these claims as (1) unlawful stop in violation of the Fourth Amendment; (2) unlawful seizure in violation of the Fourth Amendment; and (3) unlawful deprivation of the right to free speech in violation of the First Amendment.

Plaintiff alleges that, when he was stopped at a traffic light, Officer Brandon rode his bicycle in front of plaintiff's vehicle and instructed plaintiff to pull over to the side of the road. ECF No. 1 at 4. Plaintiff asked the Officer if he had broken a law, and the Officer replied "yes" and explained that a tag on his vehicle looked suspicious. Id. The Officer asked plaintiff to present his license, to which plaintiff replied, "I never applied for permission to commit a licentious act. I am only traveling and I am not for hire. This is my private property." Id. When the Officer asked plaintiff to identify himself, plaintiff replied that he is a civilian. Id. Plaintiff asked if anyone was injured or if there were any reports fitting his description or stating that plaintiff was connected to anything missing, and the Officer said no. Id. Plaintiff asked if he was under arrest and the Officer replied "technically, Yes."

Plaintiff was commanded to give his keys to Officer Brandon, and the Officer and "his Accomplice" began searching the vehicle. Id. Another "Public Official" arrived in a motor vehicle behind Plaintiff. Id. Bystanders began filming. Id. The search did not reveal any illegal contraband, but Officer Brandon seized plaintiff's vehicle. Id. at 5. Plaintiff told Officer Brandon "I do not consent to this behavior" but his "protest was ignored." Plaintiff was allowed only to take what he could carry from the vehicle before it was towed. Id. Plaintiff asserts that the stop and seizure were improper because he was not engaged in commerce, he was not for hire, and he was "enjoying my right to exercise use of consumer goods, as I am more than able to do as a Freeman on the American Continental soil, and not to be treated as if I were a STATUTORY CITIZEN and definitely NOT a BLACK PERSON or MILITARY PERSONNEL." Id.

B. Analysis

This complaint must be dismissed because it fails to, and cannot, state a claim upon which relief may be granted. As to plaintiff's claim of unlawful seizure of his vehicle, the complaint itself makes clear that the seizure and impoundment was proper. The Fourth Amendment, which applies to the states through the Fourteenth Amendment, protects against unreasonable searches

and seizures by law enforcement officers. Mapp v. Ohio, 367 U.S. 643, 655 (1961). "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005). However, the complaint alleges that the impoundment here occurred after plaintiff acknowledged that he was driving without a license. ECF No. 1 at 4. Taking the allegations as true, the officer had the authority to cause the impoundment of plaintiff's car. See Cal. Veh. Code § 14602.6(a)(1) ("Whenever a peace officer determines that a person was driving a vehicle . . . without ever having been issued a driver's license, . . . the peace officer may . . . immediately arrest that person and cause the removal and seizure of that vehicle . . . A vehicle so impounded shall be impounded for 30 days."). The fact that plaintiff appears to believe that he did not need a driver's license to drive a vehicle so long as he was not engaging in commerce is irrelevant. There is no Fourth Amendment violation here.

As to plaintiff's claim that he was unlawfully stopped, the facts alleged do not support relief. Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" within the meaning of the Fourth Amendment. See Delaware v. Prouse, 440 U.S. 648, 653 (1979). An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause or reasonable suspicion to believe that a traffic violation has occurred. See id. at 659; Pennsylvania v. Mimms, 434 U.S. 106, 109 (1977) (per curiam); Haynie v. County of Los Angeles, 339 F.3d 1071, 1075 (9th Cir. 2003). Here, plaintiff clearly states that the Officer identified a problem with his license plate or vehicle registration (he uses the word "tag") as probable cause for pulling him over. ECF No. 1 at 4.

Finally, as to plaintiff's claim that he was prevented from "protesting," the facts alleged in the complaint do not support a First Amendment claim. "The First Amendment forbids government officials from retaliating against individuals for speaking out." Blair v. Bethel Sch. Dist., 608 F.3d 540, 543 (9th Cir. 2010) (citing Hartman v. Moore, 547 U.S. 250, 256 (2006)). It also "protects a significant amount of verbal criticism and challenge directed at police officers." City of Houston v. Hill, 482 U.S. 451, 461 (1987). While an individual's critical comments may

4

be "provocative and challenging," they are "nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." Id. (quoting Terminiello v. City of Chicago, 337 U.S. 1, 4 (1949)). An individual has a right "to be free from police action motivated by retaliatory animus but for which there was probable cause." Skoog v. County of Clackamas, 469 F.3d 1221, 1235 (9th Cir. 2006). To recover for retaliation brought on by the exercise of free speech under § 1983, a plaintiff must prove: (1) he engaged in a constitutionally protected activity; (2) as a result, he was subjected to an adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. Id.; see also Ford v. City of Yakima, 706 F.3d 1188, 1193 (9th Cir. 2013) (stating that a plaintiff must be able "to prove the officers' desire to chill [the plaintiff's] speech was a but-for cause of their allegedly unlawful conduct").

In this case, plaintiff asserts that when he began to protest Officer Brandon's stop, he was "warned by the ACCOMPLICE to remain quiet with a ZIP IT SHUT gesture and smile." ECF No. 1 at 5. Plaintiff further states that he told Officer Brandon "I do not consent to this behavior" but his "protest was ignored." Id. Plaintiff's statement of the facts is clear, and it does not support a First Amendment claim because there is no indication that he was prevented from or punished in any way for speaking. Indeed, beyond the assertion that the Accomplice made a non-verbal gesture toward plaintiff, there is no allegation whatsoever that any action was taken against plaintiff because of his speech.[1] The fact that plaintiff's protests were ignored does not constitute a constitutional violation.

Amendment would be futile in this case because the events of which plaintiff complains, which are clearly described in the complaint, do not as a matter of law amount to violations of plaintiff's constitutional rights. Accordingly, leave to amend need not and should not be provided. See Noll, 809 F.2d at 1448.

---

[1] The impoundment of plaintiff's vehicle cannot have been a retaliatory act, because it was a response to plaintiff's unlicensed status.

5

## II. Conclusion

For the reasons explained above, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED

IT IS FURTHER RECOMMENDED that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted. It is recommended that leave to amend be DENIED as futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 28, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE